IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IRIS N. SANCHEZ-VELAZQUEZ,

Plaintiff,

v.

MUNICIPALITY OF CAROLINA, et al.,

Defendants.

Civil No. 11-1586 (SEC)

**OPINION AND ORDER**

The Court has reviewed plaintiff's motion for voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(2) (Docket # 134), defendants' opposition thereto (Docket # 138), and plaintiff's reply (Docket # 143). After reviewing the filings and the applicable law, plaintiff's motion is **GRANTED**.

**Factual and Procedural Background**

On June 21, 2011, Iris N. Sánchez-Velázquez ("Plaintiff") filed a complaint against the Municipality of Carolina, the Mayor of the Municipality of Carolina and several municipal police officers in their official and personal capacities alleging retaliation under Title VII of the Civil Rights Act and for violation of her First Amendment Constitutional Rights, among other federal and state law claims. On December 21, 2011 and March 3, 2012, Plaintiff filed a Second and Third Amended Complaint, respectively, with the consent of this court. Dockets # 37 and 46. A month later, Defendants filed a motion to dismiss asserting, among other things, that all of them are entitled to qualified immunity with regard to Plaintiff's First Amendment retaliation claim. Docket # 62. A second motion to dismiss was filed on April 3, 2012. See Docket # 63.

**CIVIL NO. 11-1586 (SEC)**                                                                 Page 2

On September 24, 2012, while the two motions to dismiss were pending before this court, Plaintiff filed a motion for voluntary dismissal without prejudice of all causes of action against the Mayor of the Municipality of Carolina and the municipal police officers in their personal capacities (collectively, "Defendants").[1] Plaintiff essentially maintains that her request should be granted because it is timely and will reduce the costs of litigation.  In support of her contention she provides the following arguments:  (1) the case is still at an early stage since the third amended complaint was filed on March 3, 2012, no motion for summary judgment has been filed, and discovery has barely started; (2) Plaintiff is experiencing economic difficulties and, recently, she was suspended from work without pay; and (3) the case will be considerably simplified because defendants' counsel would be reduced by two, simplifying depositions and other discovery procedures, and the Court would not need to address the qualified immunity doctrine. Dockets # 134 and 143, ¶¶ 5, 6, 7, 8, 10, and 12.

Defendants' timely opposed Plaintiff's motion and aver that, at this stage of the litigation —more than fifteen (15) months after the filing of the original complaint (the original complaint was filed on June 21, 2011)—, they will be prejudiced from dismissal without prejudice. Docket # 138, p. 2.  Specifically, Defendants contend that the individual defendants and the Commonwealth of Puerto Rico —because legal representation was granted to the individual defendants by the Puerto Rico Department of Justice under Law 9— have already employed many hours, money and resources in this case, and are currently immersed in extensive

---

[1] The defendants are: José C. Aponte, Rubén Moyeno, Miguel A. Encarnación, Javier Millán, Lorenzo Delgado, Johnny Cruz and Marcos Molina. Defendant Freddie Marquez was served only in his official capacity.  Due to lack of diligence from plaintiff's counsel, the Court denied her motion requesting issuance of summons as to Marquez in his personal capacity.

**CIVIL NO. 11-1586 (SEC)**                                                                                    Page 3

discovery proceedings. Id. at p. 2-3. Defendants also opposed because with a dismissal without prejudice they would face the prospect of a second lawsuit. Id. at p. 3.[2]

**Standard of Review**

Fed. R. Civ. P. 41(a)(2) provides that, after the defendant has answered the complaint or filed a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Id. By requiring such approval, the First Circuit has explained, courts ensure that "'no other party will be prejudiced.'" Doe v. Urohealth Sys., Inc., 216 F.3d 157, 160 (1st Cir. 2000) (quoting P.R. Mar. Shipping Auth. v. Leith, 668 F.2d 46, 50 (1st Cir. 1981)). The court is responsible under the rule for exercising its discretion to ensure that such prejudice will not occur." Id. A voluntary dismissal under Rule 41(a)(2) is without prejudice unless the order states otherwise. FED. R. CIV. P. 41(a)(2).

In making a determination under a Rule 41(a)(2) motion, courts have to evaluate the following factors: (1) the effort and expense incurred by the defendant in preparation for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation for the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant. Doe, 216 F.3d at 160. Courts, however, "need not analyze each factor or limit their consideration to these factors." Id. ("The enumeration of the[se] factors . . . is not equivalent to a mandate that each and every such factor be resolved in favor of the moving party before dismissal is appropriate. It is rather simply a guide for the trial judge, in whom the discretion ultimately rests." Id. (quoting Tyco Labs., Inc. v. Koppers Co., 627 F.2d 54, 56 (7th Cir. 1980)). A district court abuses its discretion in granting a Rule 41(a)(2) motion only where the defendant would suffer "'[p]lain legal

---

[2] Despite requesting dismissal with prejudice, Defendants do not ask for terms or conditions upon dismissal.

prejudice' as a result of a dismissal without prejudice". Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994) (quoting Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 217 (1947)). "Neither the prospect of a second suit nor a technical advantage to the plaintiff should bar the dismissal." Leith, 668 F.2d at 50.

**Applicable Law and Analysis**

The first factor that the Court must evaluate is the effort and expenses incurred by the defendants in preparation for trial. Up to this stage, Defendants have already filed their answers to the complaint and two motions to dismiss. The discovery proceedings, however, are just commencing.

Discovery was originally due by November 5, 2012, but on August 31, 2012 the parties filed a joint motion requesting an extension of time to conclude discovery. See Docket # 127. The parties informed that discovery began in August 2012 and that a sheer number of documents had to be reviewed. Id. In her reply, Plaintiff alleges that Defendants have taken only two depositions from fifteen that the parties originally agreed upon, and that the production of documents and answers to interrogatories and requests for admissions remain pending. Docket # 143. Defendants do not contest this allegation. In addition, on November 5, 2012, Magistrate Judge Camille Vélez Rivé held a Case Management and Settlement Conference pursuant to a referral order issued by this court. According to the minutes issued by the Magistrate Judge, "[i]n view of the pending discovery, a Settlement Conference at this time is not viable." Docket # 155. As a result, the discovery deadline "including taking of all depositions" was extended until March 29, 2013. Id.

The second factor requires an analysis of Plaintiff's diligence in prosecuting this action. The docket entries reveal that, aside from the several opportunities that the Court had to give to Plaintiff in order to complete the service of process upon all co-defendants, she has been

diligent in prosecuting this action. The analysis of the first two factors, therefore, favor dismissal without prejudice.

With regard to the third factor —explanation for the need to take a dismissal— Plaintiff alleges great economic burden. Docket # 143, ¶¶ 8 and 9. Plaintiff believes that the dismissal will reduce the cost of litigation and will make the case simpler by reducing the number of defendants' counsels by two, thus reducing scheduling conflicts, and by eliminating the need to raise the qualified immunity defense. Dockets # 134 and 143, ¶ 12.

There is no doubt that this is a very fact-sensitive and complicated case. Upon dismissal of the claims against the individual defendants in their personal capacities, it will certainly become simpler, particularly with regard to discovery, and because the court may not need to address a qualified immunity defense that may depend on further development of the record. As the case becomes simpler, cost of litigation will automatically be reduced. Plaintiff, a sergeant of the Carolina Municipal Police, alleges retaliation from other officers of the police municipality. She alleges that such actions have affected her promotion possibilities and her daily work, especially in light of a recent suspension from work without pay. See Dockets # 46 and 143. Thus, the Court finds that the explanation set forth by Plaintiff in her motion is adequate.

Finally, Defendants have not filed a motion for summary judgment. Defendants have only asserted facial challenges to plaintiff's pleadings or defects in the service of process to certain defendants.

Therefore, while the court is responsible under Rule 41(a)(2) for exercising its discretion to ensure that no defendants will be prejudiced by the dismissal, neither the prospect of a second suit nor a technical advantage to the plaintiff should bar dismissal. Leith, 668 F.2d at 50. This court has given particular weight to the early stage of the discovery proceedings and to

**CIVIL NO. 11-1586 (SEC)**                                                                                              **Page 6**

Plaintiff's need to reduce the costs of litigation. This court exercises its discretion in favor of Plaintiff and grants the motion for voluntary dismissal without prejudice of all causes of action against Defendants in their personal capacities.

The Court acknowledges, however, that the Defendants have incurred in efforts and expenses to properly defend themselves from those claims against them in their personal capacities. As stated earlier, such expenses have been covered by the Commonwealth of Puerto Rico pursuant to Law 9. However, this court has not found nor the parties have cited any First Circuit decision indicating that the involvement of the state should favor the denial of a request like the one at bar.

For the reasons stated above, Plaintiff's motion is **GRANTED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 9th day of November, 2012.

                                                          S/Salvador E. Casellas
                                                          SALVADOR E. CASELLAS
                                                          U.S. Senior District Judge