# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

IRIS N. SANCHEZ-VELAZQUEZ

Plaintiff

v.

MUNICIPALITY OF CAROLINA, et al.

Defendants.

**Civil No. 11-1586 (SEC)**

## OPINION AND ORDER

Before the Court are co-defendants Johnny Cruz, Javier Millán, Lorenzo Delgado and Marcos Molina's (collectively, "Defendants") joint Motion to Dismiss (Docket # 63), the plaintiff's opposition thereto (Docket # 86), and the parties' respective replies (Dockets # 102 and 110). After reviewing the filings and the applicable law, the Motion to Dismiss is **DENIED in part** and **MOOT in part**.

**Factual and Procedural Background**

Iris N. Sánchez Velázquez ("Plaintiff") filed the present action on June 21, 2011 (Docket # 1), alleging employment discrimination on account of gender, retaliation under Title VII of the Civil Rights Act and the Fourteenth Amendment of the Constitution of the United States, and violation of her First Amendment constitutional rights, among other federal and state law claims. She amended the complaint three times. See Dockets # 16, 37, 46.

On February 24, 2012, Plaintiff filed a Second Amended Complaint and, three days later, she filed a motion submitting two exhibits to this complaint, to wit: (1) Letter of Determination by the U.S. Equal Employment Opportunity Commission ("EEOC"), dated December 20, 2010; and (2) a Sworn Statement by defendant Encarnación. See Dockets # 37 and 38. Johnny Cruz

**CIVIL NO. 11-1586 (SEC)**                                                                                         **Page 2**

("Cruz") and Javier Millán ("Millán") were served on February 28, 2012, and Lorenzo Delgado ("Delgado") on March 2, 2012. Dockets # 41 and 52. All three of them were served with summons and a copy of the Second Amended Complaint, but not with the exhibits attached thereto. See Dockets # 63–1, 63-3 and 63-5. In view of this fact, Defendants posit that they were served with an incomplete copy of the operative pleading and, thus, service was invalid. In addition, Defendants allege that because Millán and Cruz were served after the 120 day period provided by Fed. R. Civ. P. 4(m) had expired, service of process as to them was also ineffective. See Docket # 63.

On March 3, 2012, a Third Amended Complaint was filed with the same exhibits and a copy of the Right to Sue Letter. Docket # 46. Three days later, Marcos Molina ("Molina") was served with summons and the Second Amended Complaint without the exhibits, instead of the Third Amended Complaint that had been recently filed. See Dockets # 52 and 63-7. Defendants contend that since Molina was not served with the Third Amended Complaint, he was not validly served.

On April 3, 2012, Defendants filed the present motion requesting the Court to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(2), (4) and (5) for lack of personal jurisdiction, insufficiency of process and/or insufficient service of process. Docket # 63.

**Standard of Review**

Fed. R. Civ. P. 12(b)(5) provides for dismissal due to insufficiency of service. A party filing a motion under rule 12(b)(5) "is essentially contesting the manner in which process of service was performed." Ramirez de Arellano v. Colloides Naturels Int'l, 236 F.R.D. 83, 85 (D.P.R. 2006); see also Molinelli-Freytes v. Univ. of P.R., 727 F. Supp. 2d 60 (D.P.R. 2010); González-Droz v. González Colón, No. 06-2263, 2009 WL 2843338, at *1 (D.P.R. Aug. 31, 2009). Specifically, "[a] Rule 12(b)(5) motion is the proper vehicle for challenging the mode

**CIVIL NO. 11-1586 (SEC)** Page 3

of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2010). The party raising the insufficiency of service bears the burden of specifically establishing how plaintiff failed to satisfy the requirements of service. Ramirez de Arellano, 236 F.R.D. at 85.

Motions under Rule 12(b)(5) differ from other motions permitted by Rule 12(b) somewhat in that they provide the district court with a course of action other than simply dismissing the case when the defendant's defense or objection is sustained. Wright & Miller, supra, § 1354. That is, the court may convert the motion to dismiss under Rule 12(b)(5) into a motion to quash service of process without dismissing the action. Id.

This district has held that the dismissal of a claim "under Fed. R. Civ. P. 12(b)(5) is inappropriate when there [are] 'reasonably conceivable means' through which service may be obtained and jurisdiction acquired over the defendant." Ramirez de Arellano, 236 F.R.D. at 85 n.4; see also Felix-Green v. Haver filling Systems, Inc., No. 10-1526, 2011 WL 1545732, at *1 (D.P.R. Apr. 25, 2011). Therefore, if the first service of process is ineffective, and the defects are curable, the Court should treat a motion to dismiss as a motion to quash service of process in the alternative, and retain the case pending effective service. Ramirez de Arellano, 236 F.R.D. at 85 n.4. As a result, a great number of motions requesting dismissal filed under Rule 12(b)(5) are often treated as motions to quash service of process. Id. District courts possess broad discretion to dismiss the action, or retain the case and quash the service made on the defendant. Id.

**Applicable Law and Analysis**

At the outset, the Court clarifies that the proper vehicle to request dismissal for the reasons stated by Defendants in their motion to dismiss is Rule 12(b)(5) and/or 12(b)(2) of the Federal Rules of Civil Procedure. A Rule 12(b)(4) motion "is proper only to challenge

noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." Wright & Miller, supra, § 1353. Conversely, as stated above, "[a] Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." Id. It is also the proper vehicle through which a defendant moves for dismissal for failure to comply with Rule 4(m). Molinelli-Freytes, 727 F. Supp. 2d at 63. Finally, the motions under Rules 12(b)(2) and 12(b)(5) "are interrelated and often used interchangeably in this context." Robinson v. Turner, 886 F. Supp. 1460 (S.D. Ind. 1995) (citing Wright & Miller, supra, § 1353). "Some courts do not make a distinction between the two motions because, where there has been insufficient service of process, the court does not have personal jurisdiction over the individual." Id.

*Service of process upon Cruz, Millán and Delgado*

As said, Defendants first contend that Plaintiff served Millán and Cruz after the time limit established by Rule 4(m) had elapsed. Docket # 63, p. 7-8.[1] A plaintiff has 120-days to serve a defendant after the issuance of summons. Fed. R. Civ. P. 4(m). If the defendant is not served within that time limit, the court "must dismiss the action without prejudice . . . or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, if "the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. Moreover, courts have "discretion to grant a plaintiff additional time to complete

---

[1] Defendants also allege that service upon Millán was invalid because "[t]he June 22, 2011 summons served on Defendant Millán, which was issued at the same time as the filing of the original complaint[,] was beyond its 120 day life-span when served." Docket # 63, p. 7. Defendants cite Wright & Miller for the proposition that "[e]ven if good cause is shown for an extension of the time for service, it is possible that the court may require a new summons to be issued by the plaintiff." 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1085 (3d ed. 2010). But the Court has not made such requirement and, in any event, Defendants' contention is not grounds for dismissal.

**CIVIL NO. 11-1586 (SEC)** Page 5

service of process even if he cannot satisfy the 'good cause' standard." Colby v. Town of Henniker, No. 99-512-B, 2001 WL 274780, at *2 (D.N.H. Feb. 15, 2001); see also Crispín-Taveras v. Municipality of Carolina, 647 F.3d 1 (1st Cir. 2011).

In the instant case, the complaint was originally filed on June 21, 2011, and the summons as to Cruz and Millán were issued on June 22, 2011. Dockets # 1 and 4. The Court granted Plaintiff several opportunities to complete the service of process on all co-defendants who had not been served. See Dockets # 26 and 30. Finally, on February 24, 2012, the Court gave Plaintiff until February 29, 2012 to serve summons upon these co-defendants and file proof of service. See Docket # 35. Millán and Cruz were served on February 28, 2012 and the next day proof of service was filed. Docket # 41. Since they were served within the allotted time frame, the summonses at issue were timely served.

In addition, Cruz, Millán and Delgado allege that, since they were only served with summons and the Second Amended Complaint, without the exhibits attached thereto, they were served with an incomplete copy of the operative pleading and, thus, service was not valid.

Fed. R. Civ. P. 4(c)(1) provides that summons must be served with a copy of the complaint. According to Rule 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Therefore, since Rule 10(c) makes exhibits a part of the pleading for all purposes, a defendant must be served with the complaint and copies of all exhibits to the complaint. 4A Wright & Miller, supra, § 1093 n.3.[2]

---

[2] Defendants contend that since Rule 10(c) makes exhibits a part of the pleading for all purposes, Plaintiff had to serve the complaint with all the exhibits. It is unclear whether all exhibits are considered "written instruments" within the meaning of Rule 10(c). This provision "has been applied to a substantial variety of documents pertaining to many different subjects in numerous federal cases. . . . However, some federal courts have held that certain documents and other material attached to a pleading ..., strictly speaking, did not qualify as a 'written instrument' and therefore did not fall within the meaning of the language in Rule 10(c)." Wright & Miller, supra, § 1327; see also Guglielmo v. Cunningham, 811 F. Supp. 31 (D.N.H. 1993) ("A pleading includes any document attached to it as an

**CIVIL NO. 11-1586 (SEC)**                                                                 **Page 6**

In the present case, co-defendants Cruz, Millán and Delgado were served with summons and a copy of the Second Amended Complaint. No copies of the exhibits were served upon them. Service of the complaint without the attached exhibits renders it ineffective. However, as previously explained, the Court can, within its discretion, treat a motion to dismiss under Fed. R. Civ. 12(b)(5) as a motion to quash. Accordingly, the court hereby rules that Plaintiff's service upon co-defendants Cruz, Millán and Delgado is **QUASHED** and the request for dismissal is **DENIED**. The Court grants Plaintiff a final term of fifteen (15) days to properly serve these co-defendants.

*Service of process upon Molina*

Finally, Defendants allege that since Molina was served with the Second Amended Complaint instead of the Third Amended Complaint with its exhibits, he was not validly served.

On September 12, 2012, Plaintiff filed a motion requesting the issuance of summons to be served upon defendant Molina. Docket # 129. Without ruling on this motion, the Court referred the case to a Magistrate Judge for the holding of a case management and settlement conference. Magistrate Judge Camille L. Vélez-Rivé, to whom the case was assigned, denied the motion. Dockets # 137 and 145. Plaintiff requested reconsideration and the Magistrate Judge granted her request. Docket # 148.

Since Local Rule 72(b) authorizes Magistrate Judges to "consider and determine motions for service of process," D.P.R. Civ. R. 72(b), Defendants' request for dismissal is **MOOT**. In

---

exhibit or incorporated by reference"); U.S. v. Ritchie, 342 F.3d 903 (9th Cir. 2003) ("Affidavits and declarations ... are not allowed as pleading exhibits unless they form the basis of the complaint."). Since Plaintiff in the present case has not challenged Defendants' proposition that all the exhibits in question are written instruments within the meaning of Rule 10(c), and the Court is issuing an order quashing the service of summons, the Court will not address the issue.

**CIVIL NO. 11-1586 (SEC)** **Page 7**

any event, had it entertained the motion, this court would have also quashed the service upon defendant Molina and would have granted a final term to properly serve.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of December 2012.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge