IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IRIS NEREIDA SANCHEZ-VELAZQUEZ,

    Plaintiff,

    v.

AUTONOMOUS MUNICIPALITY OF CAROLINA, ET AL.,

    Defendants.

Civil No. 11-1586 (SEC)

**OPINION AND ORDER**

Before the Court is the defendants' unopposed motion to dismiss due to plaintiff's latest violation of court orders (Docket # 275).[1] After reviewing the filings and the applicable law, and pursuant to this court's inherent power, the defendants' motion is **GRANTED**, and the plaintiff's claims are **DISMISSED with prejudice**.

**Factual and Procedural Background**[2]

On March 3, 2012, Iris N. Sánchez-Velázquez (Plaintiff) filed a Third Amended Complaint against the Municipality of Carolina, Mayor José C. Aponte-Dalmau, and several municipal police officers in their official and personal capacities (collectively, Defendants), alleging employment discrimination on account of her gender, retaliation under Title VII of the Civil Rights Act, and for violation of her First Amendment constitutional rights, among

---

[1] Since the plaintiff requested an extension of time to respond after the expiration of the filing deadline, the Court denied the extension of time and struck its response from the record. See Dockets # 279, 280, 282, 283 & 293.

[2] A comprehensive recitation of the facts of this case can be found in this Court's Opinion and Order dated December 14, 2012. See Sánchez-Velázquez v. Autonomous Municipality of Carolina, 2012 WL 6552789 (D.P.R. Dec. 14, 2012).

other federal and state-law claims. Docket # 46.[3] However, after three years of litigation with an unjustified docket of 291 entries, repeated failures to comply with court orders, unjustified cancellations of depositions for which defendants have lost both time and money, and numerous unreasonable excuses that evince bad faith in the course of litigation, the Court has decided to take the harshest of sanctions; that is, dismissal with prejudice. This decision has come after providing various warnings and numerous opportunities to Plaintiff, and after carefully considering the interests at stake. The material factual findings follow. See Companion Health Services, Inc. v. Kurtz, 675 F.3d 75, 83 (1st Cir. 2012); see also Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642 (1976).

For starters, the Court gave Plaintiff several opportunities to complete the service of process upon all co-defendants. See Docket # 26, 35 & 42. After more than eight months of the filing of the complaint and several warnings, including dismissal with prejudice for lack of prosecution, the Court issued a Case Management Order and set the conclusion of discovery for November 5, 2012. Docket # 66. This deadline was later extended to March 29, 2013. Docket # 155.

On April 29, 2013, a month after the discovery deadline, Plaintiff filed a motion requesting an extension of the discovery deadline, because her counsel "was working almost exclusively in an appeal that was filed in the United States Court of Appeals for the First

---

[3] In an Opinion and Order dated November 9, 2012, this court granted Plaintiff's motion for voluntary dismissal without prejudice of all causes of action against the defendants in their personal capacities. See Sánchez-Velázquez v. Autonomous Municipality of Carolina, 2012 WL 6552789 (D.P.R. Dec. 14, 2012); see also Dockets # 156 & 163. Then, on April 29, 2013, the Court dismissed without prejudice Plaintiff's claim under Puerto Rico Law 100, P.R. Law Ann. tit. 29, §§ 146 et seq. See Dockets # 181 & 182.

Circuit." Docket # 180. As requested by Plaintiff, the Court reluctantly granted until June 5, 2013 for the conclusion of discovery. Docket # 185.

On June 6, 2013, Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 37 after Plaintiff unilaterally cancelled Plaintiff's deposition. Defendants pointed out that all "cancellations and delays have always come from Plaintiff's side." Docket # 190. The Court denied without prejudice Defendants' motion to dismiss. And, once again, the Court amended the case-management deadlines and extended the discovery cut-off date. Docket # 224; see also Docket # 222.

Plaintiff's deposition was rescheduled for October 26, 2013 and October 28, 2013. Docket # 225. Defendants retained the services of an interpreter and a stenographer for these two dates and made all other necessary arrangements. Id. Neither Plaintiff nor Plaintiff's counsel showed up at the deposition, however; they also failed to notify the cancellation of the deposition. Id.; Dockets # 225, 225-3 & 225-6. It was not until the next day that Plaintiff's counsel apologized for not appearing with his client at the deposition. Dockets # 225 & 225-6. Once again, the excuse was that Plaintiff's counsel "was in the process of drafting and filing a Reply Brief to the Court of Appeals for the [First] Circuit." Dockets # 225-5 & 225-6. On October 28, 2013, Defendants renewed their request to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 37 because of Plaintiff's latest failure to appear at her deposition and Plaintiff's continued unilateral shutting down of the discovery process. Docket # 225.

The Court ordered Plaintiff to respond to Defendants' renewed motion to dismiss by November 12, 2013. Docket # 226. The day after the deadline set by the Court, Plaintiff

filed a motion for extension of time to respond. Docket # 228. Plaintiff's excuse for requesting an extension of time was that "there was a power outage that prevented the drafting of the response, the undersigned also had to draft and file a motion for reconsideration with a jurisdictional deadline of today in the local Court of Appeals." Docket # 228. Defendants opposed and requested the Court to strike Plaintiff's late response. Docket # 238. The Court denied the extension requested and Plaintiff's response was stricken from the record. Docket # 244.

The Court denied Defendants' second motion to dismiss and set a status conference. Docket # 245 & 246. But with its patience running low, the Court "ADMONISHED [Plaintiff] for violating the obligations imposed by the discovery rules (Docket # 225) and this Court's orders (see Docket # 244), warning her that future violations may result in harsher sanctions, including dismissal with prejudice." Dockets # 245 & 246 (emphasis provided). The Court also ordered Plaintiff to pay Defendants the amount of $1,113 in costs and attorney's fees by April 23, 2014. Docket # 267.

This date came and went, but Plaintiff also flouted that order. Instead, six days later, Plaintiff moved for reconsideration. See Docket # 269. In her motion, Plaintiff stated: "it's not about the money. It's that defendants are getting away with it." Docket # 269. Plaintiff also reiterated the excuse that they had failed to attend the deposition because her counsel "was engaged in the drafting of a closing brief and preparing for oral argument in a case before the [First] Circuit Court of Appeals." Id. at 4. To cinch matters, the certified translation of the exhibit to this motion was also filed after the deadline set by the Court; specifically, it was filed eight days after the deadline. See Dockets # 274 & 276. Defendants

Civil No. 11-1586 (SEC) Page 5

timely opposed Plaintiffs' motion for reconsideration and renewed their request for dismissal with prejudice. Docket # 275.[4] Plaintiff, once again, requested an extension of time to respond after the deadline had expired -that is, five days after the deadline- alleging that "[t]he undersigned's computers, a desktop and a laptop, were infected by a … virus that prevented the opening of files." Docket # 280. Defendants opposed, alleging that "Plaintiff continues to litigate this case as if deadlines and court orders don't apply to her." Docket # 281, p. 2. Last but not least, Plaintiff filed another motion for leave to file an opposition after the deadline expired. Docket # 284. Once again, Plaintiff's counsel used his workload as an excuse for the delay. The motion stated:

> the [computer] virus . . . created a critical situation for the undersigned during this time frame because of the many jurisdictional deadlines about to expire, including filing an appeal last Friday at the Puerto Rico Court of Appeals, and an appeal at the Supreme Court of Puerto Rico this past Monday…. After the filing of this appeal at the Supreme Court… the undersigned went home to take a nap and then draft the opposition… I was so exhausted… that I fell asleep until the next day, Tuesday. On Tuesday the undersigned had to also file related motions to the Appeal at the Supreme Court of Puerto Rico in order to comply with its jurisdictional requirements. For these reasons, the undersigned was unable to draft the opposition until last night and early this morning." Docket # 284.

After almost two months past the deadline set by the Court, Plaintiff paid the costs and attorney's fees imposed by Court. See Docket # 286. Defendants reiterated their request for dismissal with prejudice. Docket # 287.

---

[4] The Court granted Plaintiff until May 6, 2014 to file the translation of a sworn statement submitted with the motion for reconsideration. Plaintiffs, once again, filed the document nine (9) days after the court's deadline. See Dockets # 277 & 278.

**Standard of Review**

It is bedrock principle that the "effective administration of justice requires that trial courts possess the capability to manage their own affairs." Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Thus, it is well-settled law that courts can invoke their inherent power together with Fed. R. Civ. P. 41(b) to dismiss a case with prejudice when a party fails to comply with their orders. E.g., Vázquez-Rijos v. Anhang, 654 F.3d 122, 127 n. 12 (1st Cir. 2011) (stating that courts have inherent power to dismiss a case with prejudice when a party fails to comply with their orders); see also Chamorro, 304 F.3d at 6, n.4 ("It is, of course, settled that a trial judge does not need to exhaust milder sanctions before resorting to dismissal when a noncompliant litigant has disregarded court orders and been suitably forewarned."); see also Fed. R. Civ. P. 16(f)(1)(C) (a district court may issued, on its own accord, "any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order.").[5]

Having said this, dismissal with prejudice is no benign sanction and runs counter to the strong policy of favoring the disposition of cases on the merits. Mulero-Abreu v. Puerto Rico Police Department, 675 F.3d 88, 94 (1st Cir. 2012) (quoting Figueroa Ruiz v. Alegría, 896 F.2d 645, 647 (1st Cir. 1990). "But even though the sanction of dismissal is reserved for a limited number of cases, it must be available so the trial courts may punish and deter egregious misconduct." Mulero-Abreu, 675 F.3d at 94. As has been repeatedly held by the First Circuit, "disobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct." Id. (quoting Young v.

---

[5] In pertinent part, Rule 41(b) authorizes a district court to dismiss an action "for failure of the plaintiff to prosecute or to comply with . . . any order of the court."

Gordon, 330 F.3d 76, 81 (2003)); see also Chamorro, 304 F.3d at 5 (stating that "extreme misconduct comes in many shapes and forms, ranging from protracted foot-dragging to defiance of court orders to ignoring warnings to other aggravating circumstances").

Prior notice—while not technically a prerequisite to dismissal with prejudice— is nevertheless an indispensable consideration. See Robson v. Hallenbeck, 81 F.3d 1, 2-3 (1st Cir. 1996) (affirming that "[c]ounsel's disregard of a prior warning from the court exacerbates the offense, and the lack of warning sometimes mitigates it"); Link v. Wabash Railroad Co., 370 U.S. 626.

In addition, the Supreme Court has stated that "a reviewing court, in assessing the severity of the sanctions imposed by a trial court, must give due regard to the deterrent effect of the sanctions." Guex v. Allmerica Financial Life Ins. and Annuity Co., 146 F.3d 40, 41 (1st Cir. 1998) (citing National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976)). The Supreme Court has explained that:

> [T]he most severe in the spectrum of sanctions provided by sanction or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent. Id. (quoting National Hockey League, 427 U.S. at 643).

**Applicable Law and Analysis**

Here, as said, the Court strongly believes that dismissal with prejudice is the appropriate sanction in this case. In numerous occasions the Court was forced to extend the discovery deadline because Plaintiff was too busy handling other cases. But, the limit of the Court's patience was reached when, after the parties had rescheduled Plaintiff's deposition, neither Plaintiff nor Plaintiff's counsel showed up or otherwise provided previous

notification that they were not going to attend. And then, exhibiting a defiant attitude, Plaintiff continued to disregard deadlines. Worse, Plaintiff ignored the order imposing payment of costs and attorney's fees. This, despite the Court having explicitly warned her that failure to comply could entail dismissal with prejudice.

"A party's failure to attend his or her own deposition presents probably the grossest example of prejudicial discovery misconduct." Angiodynamics, Inc. v. Biolitec AG, 991 F. Supp. 2d 283, 292 (D. Mass. 2014). Plaintiff's proffered reason for her failure to attend her deposition was that her counsel "was in the process of drafting and filing a Reply Brief to the Court of Appeals." Dockets # 225-5 & 225-6. In fact, this has been Plaintiff's excuse on several occasions. Yet "[i]t is settled beyond hope of contradiction that '[t]he fact that an attorney has other fish to fry is not an acceptable reason for disregarding a court order.'" Mulero-Abreu, 675 F.3d at 94 (quoting Chamorro, 304 F.3d at 5). And there would certainly be no merit to a contention that dismissal because of counsel's unexcused conduct imposes an unjust penalty on the client. See Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (stating that "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation…"); see also Top Entertainment, Inc. v. Ortega, 285 F.3d 115 (1st Cir. 2002). Plaintiff's failure to provide previous notification of a forseeable situation, and her unwillingness to pay costs and attorney's fees, buttresess her abusive behavior. See Drouin v. American Home Mortgage Servicing, Inc., 2013 WL 1431648, * 5 (D.N.H. 2013).

Case 3:11-cv-01586-SEC Document 296 Filed 09/30/14 Page 9 of 10

Civil No. 11-1586 (SEC) Page 9

These actions, together with the fact that Plaintiff has even failed to meet the deadlines that she has requested to the Court in numerous occasions, weighs heavily against her. See Young v. Gordon, 330 F.3d 76 (1st Cir. 2003); Tower Ventures, Inc. v. City of Westfield, 296 F3d 43, 47 ("explaining that 'when a litigant seeks an extension of time and proposes a compliance date, the court is entitled to expect that the litigant will meet [his] self-imposed deadline'"). Despite the unacceptable excuses, the Court opted for milder sanctions: Admonishing Plaintiff and ordering to pay Defendants the costs and attorney's fees for the cancelled deposition. Defiantly, however, Plaintiff did not pay the costs and attorney's fees in violation of a court order, thereby disregarding an explicit warning of possible dismissal with prejudice. Given Plaintiff's defiant attitude, any other remedy would be futile. Indeed, Plaintiff's discovery abuses did not improve after the imposition of sanctions; the defiant conduct became worst. See Richman v. General Motors Corp., 437 F.2d 196, 199 (1st Cir. 1971) (reiterating that dismissal with prejudice has generally been permitted "in the face of a clear record of delay or contumacious conduct by the plaintiff"). Thus, the only sanction that the Court should impose after the kind of attitude exhibited by plaintiff is dismissal with prejudice, not least because Plaintiff's repeated violations undermine this Court's efforts to manage its docket. See Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002). One principal purpose of sanctioning a party is to deter others from similar misconduct. Young, 330 F.3d at 83; see also Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643. To allow this kind of conduct would undermine this court's authority in this and other cases.

Plaintiff's violations have not only been offensive to the Court, but have also resulted in severe, manifest, and unfair prejudice to Defendants. See Angiodynamics, Inc., 991 F. Supp. 2d at 283. The Court cannot tolerate this kind of conduct; nor can it reward Plaintiff by allowing this litigation to continue on her terms instead of those set by the Federal Rules of Civil Procedure and this court's orders. There is no alternative sanction at this point as Plaintiff's pattern of noncompliance satisfies the "extreme misconduct" test. The record is pellucidly clear that Plaintiff (1) defied court orders; (2) ignored warnings; and (3) incurred in aggravating circumstances by wasting this Court's time and resources, among other violations. See Chamorro, 304 F.3d at 5.

**Conclusion**

For the reasons stated above, Defendants' motion to dismiss is **GRANTED,** and this case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of September, 2014.

> s/ *Salvador E. Casellas*
> SALVADOR E. CASELLAS
> U.S. Senior District Judge